UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :

        -against-                             :        18 Cr. 16 (RJS)

AKAYED ULLAH,                                        :

        Defendant.                             :

------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF AKAYED ULLAH'S MOTION TO
<u>DISMISS THE 18 U.S.C. § 924(c) CHARGE</u>

                                               David E. Patton
                                               Federal Defenders of New York, Inc.
                                               Attorney for Defendant
                                                  Akayed Ullah
                                               52 Duane Street, 10th Floor
                                               New York, New York 10007
                                               Tel.: (212) 417-8700

                                                    Amy Gallicchio
                                                    Julia Gatto
                                                        *Of Counsel*

TO:   Geoffrey S. Berman
        United States Attorney
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007

            Attn.: Shawn Crowley
                    George Turner
                    Rebekah Donaleski
                    Assistant United States Attorneys
                    Southern District of New York

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT .............................................................................................................................. 2

I. Count Six, alleging a violation of
18 U.S.C. § 924(c), should be dismissed for failure
to state an offense ........................................................................................................... 2

    A. Count One is not a crime of violence ....................................................... 3

    B. Section 924(c) requires proof of a separate crime of violence,
which is not alleged here............................................................................ 5

    C. Count Six is based on a misreading of § 924(c) ...................................... 7

    D. Count Six also conflicts with Congress's
intent in enacting § 924(c) ......................................................................... 8

    E. The rule of lenity further compels dismissal of Count Six ................... 10

CONCLUSION........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Case(s)**

*Adamo Wrecking Co. v. United States*,
    434 U.S. 275 (1978) ............................................................................................... 10

*Castillo v. United States*,
    530 U.S. 120 (2000) ................................................................................................. 5

*Corley v. United States*,
    556 U.S. 303 (2009) ............................................................................................. 8, 9

*Dean v. United States*,
    137 S. Ct. 1170 (2017) ............................................................................................. 5

*Descamps v. United States*,
    *133 S. Ct. 2276 (2013)*............................................................................................ 4

*Ladner v. United States*,
    358 U.S. 169 (1958) ............................................................................................... 10

*Leocal v. Ashcroft*,
    543 U.S. 1 (2004) ..................................................................................................... 7

*Life Techs. Corp. v. Promega Corp.*,
    137 S. Ct. 734 (2017) ............................................................................................... 7

*Muscarello v. United States*,
    524 U.S. 125 (1998) ................................................................................................. 8

*Rosemond v. United States*,
    134 S. Ct. 1240 (2014) ............................................................................................. 5

*Sessions v. Dimaya,*
    584 U.S. — , 138 S.Ct. 1204 (2018)...................................................................... 3

*Simpson v. United States*,
    435 U.S. 6 (1978) ..................................................................................................... 8

*United States v. Bushey*,
    617 F. Supp. 292 (D. Vt. 1985) ............................................................................... 5

*United States v. Canales,*
    *91 F.3d 363 (2d Cir. 1996)*.................................................................................... *10*

*United States v. Khalil,*
   *214 F.3d 111 (2d Cir. 2000)* ............................................................................... 5, 7

*United States v. Margiotta,*
   *688 F.2d 108 (2d Cir. 1982)* ............................................................................. 10, 11

*United States v. Powell,*
   *894 F.2d 895 (7th Cir. 1990)* ................................................................................... 8

*United States v. Rodriguez-Moreno,*
   *526 U.S. 275 (1999)* ................................................................................................ 5

*United States v. Salas,*
   *889 F.3d 681 (10th Cir. 2018)* ................................................................................. 3

*United States v. Shah,*
   *474 F. Supp.2d 492 (S.D.N.Y. 2007)* ...................................................................... 4

*Wyeth v. Levine,*
   *555 U.S. 555 (2009)* ................................................................................................ 9

**Constitutional Provisions, Statutes & Rules**

*18 U.S.C. § 924* ................................................................................................... *passim*

*18 U.S.C. § 16(b)* ..................................................................................................... *3,7*

*18 U.S.C. § 844* ..................................................................................................... *1,6,8,9*

*18 U.S.C. § 1992* ................................................................................................... *1,6,8,9*

*18 U.S.C. § 2332(a)* ............................................................................................... *1,6,8,9*

*18 U.S.C. § 2332(f)* ............................................................................................... *1,6,8,9*

*18 U.S.C. § 2339A* ..................................................................................................... *1,4*

*18 U.S.C. §2339B* ................................................................................................... *1,3,4*

*Fed.R.Crim. P. 12(b)(3)(B)(v)* ................................................................................... *1,2*

**PRELIMINARY STATEMENT**

On December 11, 2017, Akayed Ullah was arrested and subsequently charged in a six count indictment alleging violations of 18 U.S.C. §§ 2339B, 2332(a), 2332(f), 844(i), 1992(a), and 924(c),

Count Six should be dismissed because it fails to state an offense under 18 U.S.C. § 924(c), which requires proof of the use of a bomb "during and in relation to," or "in furtherance of," a separate crime of violence.  *See* Fed. R. Crim. P. 12(b)(3)(B)(v). No such separate crime is alleged here.  *See* Dkt. 6.

## FACTUAL BACKGROUND

On December 11, 2017, an improvised explosive device detonated inside a subway terminal at the New York Port Authority. *Id.* Law enforcement personnel observed Mr. Ullah lying on the ground near the explosion and discovered on his person and in the surrounding area, what appeared to be the components of a pipe bomb. *Id.* Mr. Ullah was arrested and taken to Bellevue Hospital for medical treatment.

## ARGUMENT

**I.   Count Six, alleging a violation of 18 U.S.C. § 924(c), should be dismissed for failure to state an offense.**

Count Six charges a violation of 18 U.S.C. § 924(c): using, carrying and possessing a destructive device in relation to the crimes of violence alleged in Counts One through Five, each of which concern Mr. Ullah's alleged detonation of a device in Port Authority. Count Six of the indictment, charging a violation of 18 U.S.C. § 924(c), should be dismissed because it "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).  First, Count One, charging provision of material support and resources to a designated foreign terrorist organization is not a crime of violence. Second, in essence, Count Six alleges Mr. Ullah's use of a bomb while using a bomb. This does not state an offense under 18 U.S.C. § 924(c), which requires the use of a bomb "during and in relation to" or "in furtherance of" a separate crime of violence. No separate crime of violence is alleged here.

### A.  Count One is not a crime of violence.

Count One charges Mr. Ullah with knowingly and intentionally providing and attempting to provide "material support and resources . . . namely, services and personnel (including himself), to a foreign terrorist organization," in violation of 18 U.S.C. § 2339B. Dkt. 6.

A crime of violence in 18 U.S.C. § 924(c) is defined in as a felony that:

(A)   has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(B). The latter provision is known as the residual clause.

Recently, in *Sessions v. Dimaya*, 584 U.S. —, 138 S.Ct. 1204, (2018), the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b) was unconstitutionally vague in light of its reasoning in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The language of the § 16(b) clause is identical to that of the residual clause in §924(c)(3)(B). Therefore, there should be no disagreement that §924(c)(3)(B) is, likewise, unconstitutionally vague and no longer valid. *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018) (holding that §924(c)(3)(B) is unconstitutionally vague in light of the binding authority of *Dimaya*). As a result, for Count One to qualify as a crime of violence, it must fit in the remaining provision of §924(c)(3)(A), known as the elements clause.

To determine if an offense is a "crime of violence," under the elements clause, courts use the categorical approach and "may 'look only to the statutory definitions' – *i.e.*, the elements" of the offense. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (emphasis in original; citation omitted). Count One does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." §924(c)(3)(A). The offense can be committed without force of any kind. "Material support or resources" is defined as:

> any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

18 U.S.C. §2339A(b)(1). *See United States v. Shah,* 474 F.Supp.2d 492 (S.D.N.Y. 2007) (ruling that §2339B was not unconstitutionally vague or overbroad and upholding the application of "personnel" to a doctor alleged to have provided medical support to wounded Al Qaeda jihadists knowing that Al Qaeda engaged in terrorism or terrorist activity).

Since Count One is not a "crime of violence," it cannot form the basis upon which to charge a violation of 18 U.S.C. § 924(c).

4

### B. Section 924(c) requires proof of a separate crime of violence, which is not alleged here.

As relevant here, § 924(c)(1) applies to "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." A "firearm" includes a bomb. *See* §§ 924(c)(1)(B)(ii), 921(a)(4)(A)(i). If a bomb is used, the defendant is subject to a 30-year mandatory minimum that must run consecutive to the sentence for the underlying crime of violence. *See* §§ 924(c)(1)(B)(ii), (D)(ii).

The Supreme Court has repeatedly held the use of a firearm under § 924(c) is an act separate from the crime of violence. "[T]he statute contains two distinct conduct elements— as is relevant to this case, the 'using and carrying' of a [bomb] and the commission of a [crime of violence]." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). These elements are discrete: "§ 924(c) establishes a separate, freestanding offense that is distinct from the underlying [crime]." *Rosemond v. United States*, 134 S. Ct. 1240, 1247 (2014) (internal punctuation and citation omitted). Section 924(c) "describes a firearm offense that is distinct from the underlying crime of violence. . . . Congress obviously did not intend the crime of violence to be merged into the firearm offense." *United States v. Khalil*, 214 F.3d 111, 120-21 (2d Cir. 2000). *See also Dean v. United States*, 137 S. Ct. 1170, 1174 (2017) ("Congress has made it a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime."); *accord Castillo v. United States*, 530 U.S. 120, 125 (2000); *United States v. Bushey*, 617 F.Supp. 292, 294 n.3 (D. Vt. 1985) ("[T]he plain language of § 924(c) . . . limits its application to instances where a person

5

uses or carries a firearm '*during and in relation to* any crime of violence,' implying that the 'crime of violence' must be considered as an act separate and distinct from the use or carrying of the firearm.") (emphasis in original; citation omitted).

Violating § 924(c) is thus an "offense distinct from any that might apply just to using a gun— say, for discharging a firearm in a public park." *Rosemond*, 134 S. Ct. at 1248. Rather, it is a "combination crime. It punishes the temporal and relational conjunction of two separate acts," namely using a firearm to further a crime distinct from "just [] using" a firearm. *Id.*

Here, however, using a bomb and committing the charged crimes of violence are not "two separate acts." *Id.* They are the same thing. Sections 2332a, 2332f, 844(i), and 1992(a) have various mens rea and jurisdictional elements, but the "conduct element," *Rodriguez-Moreno*, 526 U.S. at 280, of each charged violation is, simply, using a bomb. *See* Count Two (alleging Mr. Ullah "did knowingly use a weapon of mass destruction"); Count Three (alleging he "did knowingly and unlawfully deliver, place, discharge and detonate an explosive and other lethal device"); Count Four (alleging he "did knowingly and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive"); Count Five (alleging he "knowingly and unlawfully. . . placed and attempted to place a destructive substance and destructive device"). As such, there is no conduct "distinct," *Rodriguez-Moreno*, 526 U.S. at 280, from using a bomb and thus no distinct offense to support a charge under § 924(c).

### C. Count Six is based on a misreading of § 924(c).

Count Six also cannot withstand scrutiny because it reads out of § 924(c) the words "during and in relation to any crime of violence . . . or . . . in furtherance of any such crime." Because a crime "separate" and "distinct" from "just [] using" a bomb is not alleged, *Rosemond*, 134 S. Ct. at 1248, the charges here rewrite the statute to apply to "any person who . . . uses or carries a firearm, or who . . . possesses a firearm." Besides that not being what § 924(c) says, courts "should favor an interpretation that gives meaning to each statutory provision." *Life Techs. Corp. v. Promega Corp.*, 137 S. Ct. 734, 740 (2017). The "during and in relation to . . . or. . . in furtherance of" provision means nothing if using a bomb may, by itself, satisfy the requirement of there being a separate and distinct crime of violence.

"Congress obviously did not intend the crime of violence to be merged into the firearm offense," *Khalil*, 214 F.3d at 121, yet the charges here do just that. *See also Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004) ("Congress' separate listing of the DUI-causing-injury offense from the definition of 'crime of violence' in § 16 is revealing. Interpreting § 16 to include DUI offenses, as the Government urges, would leave [8 U.S.C.] § 101(h)(3) practically devoid of significance. As we must give effect to every word of a statute wherever possible, the distinct provision for these offenses under § 101(h) bolsters our conclusion that § 16 does not itself encompass DUI offenses.") (citation omitted).

7

### D. Count Six also conflicts with Congress's intent in enacting §924(c).

To sustain the using-a-bomb-while-using-a-bomb charges here would also violate the rule that "a more specific statute will be given precedence over a more general one." *Corley v. United States*, 556 U.S. 303, 316 (2009). Section 924(c) was written generally "'to persuade the man who is tempted to commit a Federal felony to leave his gun at home.'" *Muscarello v. United States*, 524 U.S. 125, 132 (1998) (citation omitted). *See also Simpson*, 435 U.S. at 10 n.4 ("[T]he overriding purpose of § 924(c) was to combat the increasing use of *guns* to commit federal felonies.") (emphasis maintained); *United States v. Powell*, 894 F.2d 895, 900 (7th Cir. 1990) (Section 924(c) aims "'to persuade the man who was tempted to commit a federal felony to leave his gun at home.'"). In contrast to § 924(c), which generally aims to deter someone's using a firearm to commit a crime that does not require one, §§ 2332a, 2332f, 844(i), and 1992 specifically address the bombing offenses alleged here. These offenses cannot be made worse by the use of a bomb because they already require it; as such, they are not the kinds of crimes § 924(c) was written to address. Indeed, they cannot be committed by a man who "leave[s] his [bomb] at home." *Muscarello*, 524 U.S. at 132.

In crafting §§ 2332a and 2332f, Congress determined that someone who uses a bomb "shall be imprisoned for any term of years or for life, and if death results, shall be punished by death or imprisoned for any term of years or for life." § 2332a(a). *See also* § 2332f(c) ("Whoever violates this section shall be punished as provided under section 2332a(a) of this title."). Similarly, § 844(i) provides for a sentence of 5-20

8

years for a bomb that damages property; 7-40 years for a bomb that injures someone; and "imprisonment for any term of years, or to the death penalty or to life imprisonment," for a bomb that kills someone. Finally, § 1992 provides for a sentence of not more than 20 years and "if the offense results in the death of any person, shall be imprisoned for any term of years or for life, or subject to death." Significantly, all of these provisions—which specifically address the crimes alleged here—were written *after* § 924(c) was changed to mandate 30 years (and life imprisonment for a second conviction) for using a bomb in the course of a separate crime of violence.[1] Thus, if Congress had wanted to import § 924(c)'s 30-year mandatory minimum (and mandatory-life provision for a second conviction) into the punishment schemes for the bombing offenses here, it would have done so. *See, e.g., Wyeth v. Levine*, 555 U.S. 555, 574 (2009).

Though mandatory 30 years imprisonment is the punishment Congress chose for someone convicted of using a bomb in the course of committing a separate and distinct crime of violence, it is not what Congress ordained for someone who breaks the law solely by using a bomb. Sections 2332a, 2332f, 844(i), and 1992 specifically address such an offender, and "'a more specific statute will be given precedence over a more general one.'" Corley, 556 U.S. at 316 (citation omitted). This is especially so where, as here, the more general one does not properly apply.

---

[1] This change was made in 1990, *see* P.L. 101-647 § 1101(2), 104 Stat. 4789, whereas § 2332a was enacted in 1994, *see* P.L. 103-222 § 60023, 108 Stat. 1796, § 2332f was enacted in 2002, *see* P.L. 107-197 § 102, 116 Stat. 721, § 844(i) was given its current penalty provisions in 1996, *see* P.L. 104-132 § 708, 110 Stat. 1214, and § 1992 was enacted in 2006, *see* P.L. 109-177 § 110(a), 120 Stat. 205.

Section 924(c) requires an underlying crime of violence "separate" from "just []  using" a firearm. *Rosemond*, 134 S. Ct. at 1248. "Congress obviously did not intend the crime of violence to be merged into the firearm offense," *Khalil*, 214 F.3d at 121, as § 924(c) is a "combination crime," *Rosemond*, 134 S. Ct. at 1248, punishing not the simple *use of* a firearm but rather the commission of a discrete underlying offense when *aggravated by* the use of a firearm. Section 924(c) was not written for crimes that cannot be committed without a firearm, and if Congress had wanted to adopt § 924(c)'s punishments when it enacted the provisions that specifically address the bombing offenses alleged here, it would have done so.

### E. The rule of lenity further compels dismissal of Count One.

If there were doubt, the rule of lenity would require a construction of § 924(c) in Mr. Ullah's favor—especially given the possibility of a 30-year mandatory minimum sentence. *See Adamo Wrecking Co. v. United States*, 434 U.S. 275, 285 (1978) (If "the issue is subject to some doubt," courts "adhere to the familiar rule that, 'where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.'") (citation omitted); *Ladner v. United States*, 358 U.S. 169, 178 (1958) ("This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended."); *United States v. Canales*, 91 F.3d 363, 367 (2d Cir. 1996) ("The rule of lenity 'requires the sentencing court to impose the lesser of two penalties where there is an actual ambiguity over which penalty should apply.'") (citation omitted); *United States v.*

10

*Margiotta*, 688 F.2d 108, 120 (2d Cir. 1982) (noting "the time-honored tenet of statutory construction that ambiguous laws which impose penal sanctions are to be strictly construed against the Government").

Thus, because Count Six fails to allege a crime of violence distinct from using a bomb, it "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count Six.

Dated: New York, New York
      July 17, 2018

Respectfully submitted,

Federal Defenders of New York

By: /s/ Amy Gallicchio
Amy Gallicchio
Julia Gatto
Attorneys for Defendant
 Akayed Ullah
52 Duane Street - 10th Floor
New York NY 10007
Tel: (212) 417-8700