UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,              :

      -against-                            :        18 Cr. 16 (RJS)

AKAYED ULLAH,                                      :

      Defendant.                          :

------------------------------------------------------------x

REPLY MEMORANDUM OF LAW IN SUPPORT OF AKAYED ULLAH'S MOTION
<u>TO DISMISS THE 18 U.S.C. § 924(c) CHARGE</u>

David E. Patton
Federal Defenders of New York, Inc.
Attorney for Defendant
  Akayed Ullah
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8700

Amy Gallicchio
Julia Gatto
    *Of Counsel*

TO:   Geoffrey S. Berman
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007

          Attn.: Shawn Crowley
               George Turner
               Rebekah Donaleski
               Assistant United States Attorneys
               Southern District of New York

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.   Because Count Six fails to state an offense under 18 U.S.C. § 924(c),
    it must be dismissed. ........................................................................................................ 2

        a.  Section 924(c) requires a separate and distinct crime of violence. ................... 4

        b.  The Government's "Double Jeopardy" argument must be rejected. ................. 7

        c.  The decision in *United States v. Rahimi* does not compel the denial
         of Mr. Ullah's motion. ........................................................................................ 9

    II.  Count One is not a crime of violence after *Dimaya*. ........................................... 11

CONCLUSION ............................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Bennett v. United States*,
   868 F.3d 1 (1st Cir. 2017) ............................................................................... 4

*Castillo v. United States*,
   530 U.S. 120 (2000) ........................................................................................ 4

*Corley v. United States*,
   556 U.S. 303 (2009) .................................................................................... 5, 6

*Descamps v. United States*,
   570 U.S. 254 (2013) ...................................................................................... 14

*Evans v. Zych*,
   644 F.3d 447 (6th Cir. 2011) ......................................................................... 13

*Hylton v. Sessions*,
   897 F.3d 57, 2018 WL 3483561 (2nd Cir. 2018) ........................................... 3

*Johnson v. United States*,
   559 U.S. 133 (2010) ...................................................................................... 14

*Leocal v. Ashcroft*,
   543 U.S. 1 (2004) .................................................................................... 14, 15

*Life Techs. Corp. v. Promega Corp.*,
   137 S. Ct. 734 (2017) ...................................................................................... 6

*Moncrieffe v. Holder*,
   569 U.S. 184 (2013) ...................................................................................... 14

*Rosemond v. United States*,
   134 S. Ct. 1240 (2014) ............................................................... 1, 2, 4, 5, 7, 8, 9

*Sessions v. Dimaya*,
   138 S. Ct. 1204 (2018) .................................................................. 2, 11, 12, 14, 15

*Simpson v. United States*,
   435 U.S. 6 (1978) ............................................................................................ 4

*Taylor v. United States*,
   495 U.S. 575 (1990) ...................................................................................... 14

*Torres v. Lynch*,
   136 S. Ct. 1609 (2016) .............................................................................. 4, 14

*United States v. Acosta*,
    470 F.3d 132 (2d Cir. 2006) (per curiam) ......................................................... 13

*United States v. Amparo*,
    68 F.3d 1222 (9th Cir. 1995) ............................................................................. 13

*United States v. Bushey*,
    617 F.Supp. 292 (D. Vt. 1985) ........................................................................... 4

*United States v. Fish*,
    758 F.3d 1 (1st Cir. 2014) ................................................................................... 4

*United States v. Fuertes*,
    805 F.3d 485 (4th Cir. 2015) ............................................................................. 13

*United States v. Hill*,
    ___ F. 3d ___, 2018 WL 2122417 (2d Cir. May 9, 2018) ..................................... 12

*United States v. Ivezaj*,
    568 F.3d 88 (2d Cir. 2009) ............................................................................ 12-13

*United States v. Jennings*,
    195 F.3d 795 (5th Cir. 1999) ............................................................................. 13

*United States v. Kennedy*,
    133 F.3d 53 (D.C. Cir. 1998) ............................................................................. 13

*United States v. Khalil*,
    214 F.3d 111 (2d Cir. 2000) ...................................................................... 2, 8, 10

*United States v. McGuire*,
    706 F.3d 1333 (11th Cir. 2013) ......................................................................... 13

*United States v. Mohammed*,
    27 F.3d 815 (2d Cir. 1994) ......................................................................... 2, 7, 8

*United States v. Prickett*,
    839 F.3d 697 (8th Cir. 2016) ............................................................................. 13

*United States v. Robinson*,
    844 F.3d 137 (3d Cir. 2016) .............................................................................. 13

*United States v. Rodriguez-Moreno*,
    526 U.S. 275 (1999) ............................................................... 1, 2, 4, 5, 6, 7, 8, 9

*United States v. Salameh*,
    261 F.3d 217 (2d Cir. 2001) .......................................................... 2, 7, 8, 10, 11

*United States v. Serafin,*
   562 F.3d 1105 (10th Cir. 2009) ............................................................................. 13

*United States v. Smith,*
   502 F.3d 680 (7th Cir. 2007) ................................................................................. 10

*United States v. Taylor,*
   848 F.3d 476 (1st Cir. 2017) ................................................................................. 13

*United States v. Windley,*
   864 F.3d 36 (1st Cir. 2017) ................................................................................ 4, 13

*United States v. Salas*
   889 F.3d 681 (10th Cir. 2018) ..................................................................... 2, 3, 12

## **Statutes**

18 U.S.C. § 844 ................................................................................................... passim

18 U.S.C. § 924(c) ............................................................................................... passim

18 U.S.C. § 2332a ..................................................................................................... 3, 8

18 U.S.C. § 2339B .................................................................................................... 8, 11

18 U.S.C. § 16 ......................................................................................................... 12, 14

18 U.S.C. § 2119 ............................................................................................................ 8

18 U.S.C. §2332f ........................................................................................................... 8

## PRELIMINARY STATEMENT

The opening memorandum established that Count Six of the indictment fails to allege a "crime of violence" separate from the use of a bomb and, as such, must be dismissed. In its Opposition, the Government says the requirement of a separate and distinct crime of violence "does not exist", Opp. Br. at 10, but fails to cite even one case endorsing its position. Instead, the Government focuses its argument on Double Jeopardy and multiplicity issues that Mr. Ullah did not raise.

The text of § 924(c) plainly requires the use of a bomb not "during and in relation to," or "in furtherance of," the use of that same bomb but, rather, in relation to a "separate," *Rosemond v. United States*, 134 S. Ct. 1240, 1247 (2014), and "distinct," *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999), crime of violence. None is alleged here. Count Six must be dismissed. Fed. R. Crim. P. 12(3)(B)(v).

## ARGUMENT

I. **Because Count Six fails to state an offense under 18 U.S.C. § 924(c), it must be dismissed.**

"Elements of a crime must be charged in an indictment." *United States v.O'Brien*, 560 U.S. 218, 224 (2010). One element of a § 924(c) offense is the commission of a crime of violence that is "separate," *Rosemond*, 134 S. Ct. at 1247, and "distinct," *Rodriguez-Moreno*, 526 U.S. at 280, from, simply, using a bomb. Because Count Six fails to allege such conduct, it fails to state a § 924(c) offense.

The Government claims the requirement of a separate and distinct crime of violence "does not exist." Opp. Br. at 10. But the cases the Government cites are Double Jeopardy cases, not ones addressing the elements of § 924(c). *See* Opp. Br. at 10-12 (citing *United States v. Salameh*, 261 F.3d 271 (2d Cir. 2001); *United States v. Mohammed*, 27 F.3d 815 (2d Cir. 1994); *United States v. Khalil*, 214 F.3d 111 (2d Cir. 2000)). Nothing in the cases the Government cites undoes the Supreme Court's recognition that § 924(c) is a "combination crime" requiring "two separate acts." *Rosemond*, 134 S. Ct. at 1248. There is "no doubt that § 924(c) describes a firearm offense that is distinct from the underlying crime of violence." *Khalil*, 214 F.3d at 120.

Notably, the Government does not include Count Four, charging a violation of 18 U.S.C. 844(i), in its discussion of qualifying predicate crimes of violence in relation to §924(c). It acknowledges that the 10th Circuit in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), recently held (on plain error review), following the decision in *Sessions v. Dimaya,* 138 S. Ct, 1204 (2018), that § 844(i) only qualifies as

a crime of violence under the now unconstitutionally vague §924(c)(3)(B). See Opp. Br. at 9 n. 1. In *Salas*, the Court held (and the Government in *Salas* agreed), "that the first definition, known as the 'elements clause,' does not apply here because §844(i) arson does not require, as an element, the use of force against the property 'of another'; for example, § 844(i) may apply to a person who destroys his or her own property." *Salas,* 889 F.3d at 684.

The Second Circuit has not addressed this issue but, in light of the sound reasoning in *Salas*, the Court should find that §844(i) no longer qualifies as a predicate crime of violence in light of *Dimaya*.[1] Under the applicable categorical approach, § 844(i) does not have, as an element, the use of physical force against the property "of another," as § 924(c)(3)(A)'s force clause requires. Rather, one can violate § 844(i) by destroying one's own property—for example, by burning one's

---

[1] While this issue was not raised in the opening memorandum, there is no prejudice to the Government who obviously was aware of the decision in *Salas*. Furthermore, the Court can permit the Government to file a sur reply memorandum should further briefing be required.

Though similarly not raised in the opening memorandum, following the same reasoning of *Salas*, Count Two, charging violations of 18 U.S.C. § 2332(a)(2)(A)-(D), likewise, no longer qualifies, post-*Dimaya,* as a predicate crime of violence under § 924(c)(3)(A). The statute prohibits a person to use, threaten, or attempt or conspire to use, a weapon of mass destruction "against *any* person or property within the United States" (emphasis added). Like § 844(i), § 2332(a)(2) does not require that the property be "of another." While we have not identified any cases demonstrating a realistic probability that § 2332(a) would apply to the use of a destructive device against one's own property, there is no such requirement when, as is the case here, "the statutory language itself, rather than the application of legal imagination to that language creates that realistic probability . . . ," *Hylton v. Sessions*, 897 F.3d 57, 2018 WL 3483561 at *5 (2nd Cir. 2018) (citations omitted).

As the Government points out regarding § 844(i), Opp. Br. p. 9 n. 1, irrespective of whether § 844(i) and now § 2332(a) are crimes of violence, the Court can conduct its analysis of the question of whether § 924(c) requires a separate and distinct crime of violence in relation to the charges contained in the remaining Counts Three and Five.

3

own failing business for the insurance proceeds—removing this offense from § 924(c)(3)(A)'s sweep. *See Torres v. Lynch*, 136 S. Ct. 1609, 1630 (2016). In addition, one can violate § 844(i) with a reckless mens rea, short of the intentional conduct that § 924(c)(3)(A) demands. *See United States v. Windley*, 864 F.3d 36, 39 (1st Cir. 2017); *Bennett v. United States*, 868 F.3d 1, 8 (1st Cir. 2017). The same result obtains without *Dimaya*: even if valid, § 924(c)(3)(B) also requires intentional conduct, not mere recklessness. *See United States v. Fish*, 758 F.3d 1, 9–10 (1st Cir. 2014).

As will be discussed further herein, Count One likewise is no longer a crime of violence in light of *Dimaya*.

a. <u>Section 924(c) requires a separate and distinct crime of violence.</u>

Despite the fact that the Supreme Court has stated repeatedly that §924(c) requires a crime of violence separate from the use of a firearm, the Government refuses to accept it. *See Rodriguez-Moreno*, 526 U.S. at 280 (Section 924(c) "contains two distinct conduct elements—as is relevant to this case, the 'using and carrying' of a [bomb] and the commission of a [crime of violence]"); *Rosemond*, 134 S. Ct. at 1247; *Castillo v. United States*, 530 U.S. 120, 125 (2000); *Simpson v. United States*, 435 U.S. 6, 10 (1978); *see also United States v. Bushey*, 617 F.Supp. 292, 294 n.3 (D. Vt. 1985).

The *Rodriguez-Moreno* Court's holding is not "isolated *dicta* out of context." Opp. Br. at 8 n.3. While the case did indeed "relate[] to venue under Section 924(c)," *id.*, in deciding whether venue was proper, the *Rodriguez-Moreno* Court was

4

required to "identify the conduct constituting the offense," and, in so doing, observed that the commission of a crime of violence was "an essential conduct element of the § 924(c)(1) offense." 526 U.S. at 279-80 ("[W]e interpret § 924(c)(1) to contain two distinct conduct elements—as is relevant to this case, the 'using and carrying' of a gun and the commission of a [crime of violence].").

The Supreme Court in *Rosemond*, reaffirmed this holding. *See* 134 S. Ct. at 1248 (§ 924(c) "is, to coin a term, a combination crime. It punishes the temporal and relational conjunction of two separate acts," namely using a firearm to further a crime distinct from "just [] using" a firearm); *see also id*. at 1246 (§ 924(c) is a "two-element crime"). The fact that *Rosemond* addressed "aiding and abetting liability," Opp. Br. at 8 n.3, is inapposite: assessing whether a crime has been aided and abetted requires understanding "commission of the crime" itself, and commission of a § 924(c) offense requires "two separate acts." *Rosemond*, 134 S. Ct. at 1245, 1248.

The text of § 924(c) dictates the requirement of a distinct crime of violence by punishing not just using a bomb but doing so "during and in relation to" or "in furtherance of "a crime of violence." Congress could have written § 924(c) to cover any use of a bomb. But "Congress did not write the statute that way." *Corley v. United States*, 556 U.S. 303, 315 (2009). The Government's reading of § 924(c) makes the "in relation to" language meaningless because Mr. Ullah's alleged use of a bomb was not "in relation to" a crime of violence; it *was* the crime of violence. The Government's reading not only ignores *Rodriguez-Moreno* and *Rosemond*, but also violates the rule that courts "should favor an interpretation that gives meaning to

5

each statutory provision." *Life Techs. Corp. v. Promega Corp.*, 137 S. Ct. 734, 740 (2017). The Government claim that this rule should yield to "plain meaning," Opp. Br. at 13, only helps Mr. Ullah: given the "in relation to" language, the plain meaning of § 924(c) is that the use of a bomb must be related not to the use of that same bomb (which is nonsensical), but to a separate crime of violence. *See Corley*, 556 U.S. at 314; *Rodriguez-Moreno*, 526 U.S. at 280 & n.4.

The Government disputes this, arguing that the alleged crimes of violence charged in Counts Two, Three and Five require the additional conduct of, for example, using a bomb against targets "within the United States," with "intent to cause either death or serious bodily injury," or "intent to endanger the safety of any person, or with a reckless disregard for the safety of human life," and "under additional circumstances, such as the 'perpetrator is a national of another state.'" Opp. Br. at 14 (citations omitted). These are *mens rea* and jurisdictional elements that are immaterial to the wholly separate question of whether the Government has adequately alleged § 924(c)'s "two distinct conduct elements—as is relevant to this case, the 'using and carrying' of a [bomb] and the commission of a [crime of violence]." *Rodriguez-Moreno*, 526 U.S. at 280.

The use of a bomb is alleged here, but a violent crime with a conduct element other than using that bomb is not. The sole conduct alleged is using a bomb. The Government fails to cite even one case endorsing its using-a-bomb- while-using-a-bomb theory and points to no authority sustaining the kind of indictment here.

6

In contrast, Mr. Ullah has identified the Supreme Court rulings recognizing what the Government denies: a proper § 924(c) count alleges a "combination crime" consisting of "two separate acts" rather than "just [] using" a bomb. *Rosemond*, 134 S. Ct. at 1248. Count Six fails this test, as it does not allege conduct separate and distinct from using a bomb.

   b. <u>The Government's "Double Jeopardy" argument must be rejected.</u>

Ignoring the plain language of § 924(c) and case law interpreting it, the Government creates and then attacks a non-existing Double Jeopardy issue. Opp. Br. at 11-12 (citing *Salameh*, *Mohammed*, and *Khalil*). Besides the obvious point that Mr. Ullah has not raised a Double Jeopardy objection, the fact is that none of these cases does away with § 924(c)'s requirement that the use of a firearm be "separate," *Rosemond*, 134 S. Ct. at 1247, and "distinct," *Rodriguez-Moreno*, 526 U.S. at 280, from the crime of violence.

In *Salameh*, 261 F.3d at 277, and *Mohammed*, 27 F.3d at 818, the defendants argued that their § 924(c) sentences violated the Double Jeopardy Clause for punishing them for the same conduct as their crime-of-violence sentences. The Supreme Court rejected that argument, explaining "there is generally no constitutional bar to the imposition . . . of multiple punishments for the same criminal conduct" so long as "Congress has clearly articulated that intent," which Congress did when amending § 924(c) in 1984. *Salameh*, 261 F.3d at 277-78; *see* 18 U.S.C. § 924(c)(1)(A) (1984 amendment making clear that § 924(c) applies even if the underlying "crime of violence . . . provides for an enhanced punishment if

7

committed by the use of a deadly or dangerous weapon or device"). Neither *Salameh*, *Mohammed*, nor the 1984 amendment changed § 924(c)'s requirement that the "conduct element" of the crime of violence be "distinct," *Rodriguez-Moreno*, 526 U.S. at 280, and "separate," *Rosemond*, 134 S. Ct. at 1247, from mere use of a bomb.

The Government also claims that *Mohammed* forecloses Mr. Ullah's argument that the § 924(c) charges "violate the rule that a more specific statute will be given precedence over a more general one." Opp. Br. at 13 (citations omitted). But the *Mohammed* Court said the rule did not apply because there was "no conflict" between § 2119's penalties for carjacking and § 924(c)'s instruction that a carjacking committed with a gun should receive additional punishment. 27 F.3d at 821. Here, by contrast, there is a conflict because Congress has not prescribed additional penalties on top of those that §§ 2339B, 2332a, 2332f, 844(i), and 1992(a) already provide for a crime whose only conduct element is the use of a bomb. Those statutes were written to address the specific offenses alleged here, whereas § 924(c) covers the kind of "combination crime," requiring "two separate acts," *Rosemond*, 134 S. Ct. at 1248, that Mr. Ullah's indictment does not charge.

*Khalil* is equally unavailing. There, the Court rejected a Double Jeopardy challenge (which, again, Mr. Ullah has not made) to a § 924(c) conviction, because the § 924(c) penalty was based on § 2332a convictions for "conspiring to use a bomb and threatening to do so," neither of which "required proof of the active employment or the actual conveyance of the weapon." 214 F.3d at 120. Here, of course, use of a

8

bomb is the sole conduct element of the crime-of-violence and § 924(c) charges alike: the use of a bomb is here alleged to be the conduct that violates both the crime-of-violence element and use of a bomb element. The Government's Double Jeopardy cases thus have nothing to do with the sufficiency of § 924(c) charges that fail to allege conduct distinct from the use of a bomb and are of no use.

In sum, regardless of whether the charges against Mr. Ullah violate the Double Jeopardy Clause, they "fail[] to state an offense," Fed. R. Crim. P. 12(b)(3)(B)(v), because they omit an essential element of § 924(c): conduct "separate," *Rosemond*, 134 S. Ct. at 1247, and "distinct," *Rodriguez-Moreno*, 526 U.S. at 280, from mere use of a bomb. The problem here is that the charged § 924(c) offense is *not* distinct from the underlying crimes of violence: it is the same thing. As such, it must be dismissed. Fed. R. Crim. P. 12(b)(3)(B)(v).

c. <u>The decision in *United States v. Rahimi* does not compel the denial of Mr. Ullah's motion.</u>

The arguments made by Mr. Ullah are indeed similar to those made in *United States v. Rahimi*, No. 16 Cr. 760 (RMB). And so is the Government's opposition. The question with respect to Count Six is identical the that posed in *Rahimi*.

In ruling against Mr. Rahimi, Judge Berman stated that he was compelled to deny the motion to dismiss the §924(c) counts based on charges sustained in analogous cases, citing *United States v. Dye*, 538 F. App'x 654 (61h Cir. 2013), cert den.134 S.Ct. 1504 (Mar. 3, 2014); *United States v. Garcia*, 2011WL4634153

(E.D.Cal. Oct. 3, 2011), aff'd 768 F.3d 822 (9th Cir. 2014); *United States v. Smith*, 502 F.3d 680 (7th Cir. 2007), cert den. 552 U.S. 1206 (Feb. 19, 2008); *United States v. Khalil*, 214 F.3d 111 (2d Cir. 2000); and *United States v. Salameh*, 261F.3d271, 279 (2d Cir. 2001).

The lack of precedential value that *Khalil* and *Salameh* offer has already been sufficiently discussed herein. The remaining cases cited by Judge Berman in *Rahimi* do not address the issues raised by Mr. Ullah with respect to the § 924(c) charge and, similarly, provide no precedential value at all. Furthermore, to the extent *Dye*, *Garcia*, and *Smith* provide any guidance (which they do not), they only address § 844(i) in relation to § 924(c) and none of the other charges that Mr. Ullah faces in Counts One, Two, Three, and Five. All of those cases were decided before *Dimaya* and, as the 10th Circuit in *Salas* found, § 844(i) does not qualify as a crime of violence under § 924(c)(3)(A), the only remaining constitutionally valid provision defining a crime of violence.

In *Dye,* the defendant was charged with § 924(c) and § 844(i) for setting fire to a bar and firebombing a city building. He was convicted at trial and on appeal, argued, in part, that the 924(c) charge should be dismissed because cumulative punishment under the two statutes violated the Double Jeopardy clause. Rye did not raise and the Court did not decide the question of whether § 844(i) was a separate crime of violence.

In *Garcia,* the defendant was also charged with and convicted of § 924(c) and § 844(i). This case does not at all address the issues raised by Mr. Ullah. Garcia

10

alleged that the 844(i) count on its own was duplicitous because it alleged two separate bombings. The court rejected this argument and denied the motion to dismiss the 844(i) count finding that the "indictment use[d] a conjunctive pleading style that has been approved by the Ninth Circuit." *Garcia*, 2011WL4634153 at *1.

Likewise, the defendant in *Smith* was charged with and convicted of § 844(i) and § 924(c). Like Dye and Garcia, he did not raise at trial or on appeal any of the issues raised here by Mr. Ullah with respect to the § 924(c) charge. He argued that his conviction under 18 U.S.C. § 844(i) and 18 U.S.C. § 924(c)(1)(A) punished him twice for the same conduct and thus violated the Fifth Amendment protection against Double Jeopardy. As stated repeatedly, Mr. Ullah has not raised a Double Jeopardy objection.

*Dye*, *Garcia*, *Smith*, *Khalil, and Salameh* are far from "analogous" to Mr. Ullah's case and do not compel the denial of his motion.

**II.     Count One is not a crime of violence after *Dimaya*.**

Clearly recognizing that Count One of the Indictment, charging a violation of 18 U.S.C. § 2339B, does not qualify as a crime of violence under §924(c)(3)(A), the Government advocates for the survival of §924(c)(3)(B), the residual clause, despite the clear decision to the contrary in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). Relying on the argument made by the dissent in *Dimaya*, the Government erroneously maintains that *Dimaya* "does not require invalidation of §924(c)(3)(B)," Opp. Br. at 19, and asserts that "the Supreme Court's decision permits the application of an 'underlying-conduct' approach that looks to the defendant's actual

11

conduct, in lieu of the categorical approach, to determine whether an offense qualifies as a crime of violence", *id.*, under the residual clause.

First, there can be no doubt that *Dimaya* confirms that the residual clause of 18 U.S.C. § 924(c) is void for vagueness. The residual clauses at § 16(b) and §924(c)(3)(B) are identical: each labels, as a "crime of violence," any felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Supreme Court held in *Dimaya,* that trying to decipher this language consistently under the categorical approach is hopeless: it "requires a court to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk. The result is that § 16(b) produces . . . more unpredictability and arbitrariness than the Due Process Clause tolerates." 138 S. Ct. at 1216 (internal punctuation and citations omitted). The same is true of the identical residual cause at § 924(c)(3)(B), which is subject to the identical categorical approach. As already mentioned, the Tenth Circuit recently held, "*Dimaya* compels the conclusion that § 924(c)(3)(B) is unconstitutional." *Salas*, 889 F.3d 681, 687.

Second, nothing in *Dimaya* casts doubt on the well-established rule in the Second Circuit that the categorical approach applies to 18 U.S.C. § 924(c). *See United States v. Hill*, ___ F. 3d ___, 2018 WL 2122417, at *3 (2d Cir. May 9, 2018) ("To determine whether an offense is a crime of violence [under § 924(c)], courts employ what has come to be known as the 'categorical approach.'"); *United States v.*

12

*Ivezaj*, 568 F.3d 88, 95 (2d Cir. 2009) (same); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam) (same).

This District is not alone: 10 of the 11 other circuits apply the categorical approach in § 924(c) cases. *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015); *United States v. Jennings*, 195 F.3d 795, 797 (5th Cir. 1999); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Williams*, 864 F.3d 826, 828 (7th Cir. 2017); *United States v. Prickett*, 839 F.3d 697, 698 (8th Cir. 2016); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013) (O'Connor, Sup. Ct. J., ret.); *United States v. Kennedy*, 133 F.3d 53, 56 (D.C. Cir. 1998). The Third Circuit is the outlier. It has adopted an idiosyncratic approach to § 924(c) that no one – including the government – has embraced. *See United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016).

Acknowledging but ignoring precedent, the Government proposes that "courts in this Circuit should reconsider the categorical approach . . . and adopt in this place the underlying-conduct approach." Opp. Br. at 20. The Government claims that *Dimaya* is an intervening Supreme Court decision that "casts doubt on" the rule that the categorical approach applies in § 924(c) cases. Opp. Br. at 23-24. In so claiming, it identifies nothing in *Dimaya* that "casts doubt on" the rule that the categorical approach applies in § 924(c) cases. On the contrary, the *Dimaya* Court expressly denied the dissent's request to abandon the categorical approach.

13

The *Dimaya* Court held, "The dissent . . . [asks] to jettison the categorical approach in residual-clause cases. The Court decline[s] to do so." 138 S. Ct. at 1216 (citing *Johnson*, where "[t]he dissent [also] issued the same invitation," *Dimaya*, 138 S. Ct. at 1216, which the Court also declined). Time and again, the Court has stuck to the categorical approach. *See also Mathis v. United States*, 136 S. Ct. 2243 (2016); *Descamps v. United States*, 570 U.S. 254 (2013); *Moncrieffe v. Holder*, 569 U.S. 184 (2013); *Johnson v. United States*, 559 U.S. 133 (2010); *Taylor v. United States*, 495 U.S. 575 (1990).

And contrary to the government's claim that "[t]he Supreme Court did not hold in that § 16(b) requires a categorical approach," Opp. Br. at 19, six justices said the approach applies. One of them (Justice Gorsuch) expressed openness to revisiting the issue, but none of the other five did.

In Part I of the *Dimaya* opinion, Justices Kagan, Ginsburg, Breyer, Sotomayor and Gorsuch said: "The question, we have explained, is not whether 'the particular facts' underlying a conviction posed the substantial risk that § 16(b) demands. . . . The § 16(b) inquiry instead turns on the 'nature of the offense' generally speaking." 138 S. Ct. at 1211 (citation omitted). The Chief Justice agreed: "Under our decisions," § 16(b) "ask[s] the sentencing court to consider whether a particular offense, defined without regard to the facts of the conviction, poses a specified risk." *Id.* at 1235 (Roberts, C.J., dissenting).

The Court cited its prior – and unanimous – ruling in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), where it explained:

> [T]he statute directs our focus to the "offense" of conviction. *See* . . . § 16(b) (defining the term as "*any other offense* that is a felony and that, *by its nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (emphasis added)). This language requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime.

*Id.* at 7 (emphasis in original).

Though three justices – Kennedy, Thomas and Alito – argue against the categorical approach, *see Dimaya*, 138 S. Ct. at 1254-59 (Thomas, J., dissenting), and Justice Gorsuch is "open to different arguments . . . in another case," *id.* at 1233 (Gorsuch, J., concurring), a majority of the Court stands by it.

In short, nothing in *Dimaya* "casts doubt on" the longstanding rule that the categorical approach applies in § 924(c) cases. As a result, Count One cannot qualify as a crime of violence for purposes of § 924(c).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count Six.

Dated:  New York, New York
   August 17, 2018

          Respectfully submitted,

          Federal Defenders of New York

      By: /s/ Amy Gallicchio
         Amy Gallicchio
         Julia Gatto
         Attorneys for Defendant
          Akayed Ullah
         52 Duane Street - 10th Floor
         New York NY 10007
         Tel:  (212) 417-8700