**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 26, 2018

*VIA ECF*
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Akayed Ullah*, 18 CR 16 (RJS)

Dear Judge Sullivan:

  We write in response to the Court's Order of today directing the parties to submit a letter explaining whether they intend to make publicly available a video which had been submitted to the Court, but not filed with the Clerk of the Court, in connection with the Defendant's October 5, 2018 Motions in Limine.

  For the reasons explained below, the defense does not intend to file the video publicly. Nor do we believe that the press or the public should have access to it.

  The video, running about a minute in length, captures a portion of Mr. Ullah's arrest during which Mr. Ullah made statements in response to un-Mirandized questioning. Mr. Ullah is completely naked in the video. The parties agree that the video will not be played at Mr. Ullah's upcoming trial, scheduled to begin this Monday.

  The release of the video to the press and public on the eve of trial will nearly certainly taint our jury pool. In the video, Mr. Ullah incriminates himself and makes statements that the public-at-large will find distasteful. It will be exceedingly difficult to select a fair and impartial jury should the video be released in the next day or two. While we are mindful of the important role

In re: *United States v. Akayed Ullah*, 18 CR 16 (RJS)

the press and the public play in the judicial process, against this backdrop, Mr. Ullah's rights to a fair trial override.

### A. The First Amendment Presumption of Access Does Not Extend to the Video Which Was Given to the Court But Not Filed with the Clerk of the Court.

As an initial matter, the defense intentionally did not file the video publicly. At the time of the filing of defendant's Motions in Limine and as of the writing of this letter, the video is subject to a Protective Order (ECF Doc. No. 16). The Protective Order precludes the defense from showing the video and other "protected materials" to parties outside of the defense team. While the Protective Order permits the parties to disclose the video to "any judge or magistrate" it does not permit public access to the video, even if the video is related to a publicly filed motion.

The public and press's First Amendment right to access to judicial proceedings and certain judicial documents is not absolute. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). The press is presumed access only to records that qualify as "judicial documents." *Lugosch v. Pyramid Co. of Onondago*, 435 F.3d 110, 119-20 (2d Cir. 2006). "The mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* The press' and public's right attaches only if "the item ... is relevant to the performance of the judicial function and useful in the judicial process." *Id.*

The video, therefore, is not a "judicial document." *See, e.g. Dorsett v. County of Nassau,* 762 F.Supp.2d 500, 516 (E.D.N.Y. 2011) ("unfiled documents do not qualify as judicial"). Similarly, the video is not sufficiently relevant to this Court's functioning or relevant to a proceeding at which the press would otherwise have a right to be present. The video was submitted to the Court in connection with a now-moot motion to suppress. The parties – without need of Court intervention – resolved the matter. In this connection, the video is simply part of the government's discovery production. And, documents which "pass[] between the parties in discovery lie entirely beyond" a presumption of public access. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of*

*Sec. Dealers, Inc.*, 621 F.Supp.2d 55, 61 (S.D.N.Y. 2007). The fact that the Court has reviewed it does not change the calculus. *See SEC V. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (a document produced in discovery is not transformed into a "judicial document" simply because the Court reviews it).

### B. The Countervailing Interests Tip in Favor of Continued Closure of the Video.

Even if the Court determined that the qualified First Amendment right of access applies to the video, the Court nevertheless should not compel the parties to file it publicly. The standard for refusing disclosure is that there be "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 9 (1986).

Here, disclosure of the materials jeopardizes Mr. Ullah's Sixth Amendment right to a fair trial and his privacy rights while providing little, additional information to the public regarding these otherwise very public proceedings. But for the one minute clip, the press has had complete access to the materials filed and exchanged in this case, including our written description of the events captured on the video.

Where one of the interests competing with the press' interests is the right of the accused to a fair trial, the Supreme Court has fashioned the following balancing test: "[T]he [proceeding] shall be closed only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Id.* at 14. Mr. Ullah's prosecution has garnered a lot of media attention, mostly negative to Mr. Ullah. The video requested, which includes inflammatory statements made by Mr. Ullah, will perpetuate and inflame the negative coverage. This is particularly disconcerting since we are one business day from selecting a jury.

In re:  *United States v. Akayed Ullah*, 18 CR 16 (RJS)

Disclosure also would unnecessarily infringe on Mr. Ullah's privacy rights because Mr. Ullah is naked in the video with his genitalia exposed. *See, e.g., United States v. Timothy McVeigh*, 918 F.Supp. 1452 (W.D. Okla. 1996), affirmed 119 F.3d 806 (10th Cir. 1997) (approving the sealing records "to protect the privacy interests of the defendants in custody, such as matters relating to physical or mental health"); *United States v. Curran,* No. CR-06-227, 2006 WL 1159855, at * 3 (D. Ariz. May 2, 2006) ("The Court concludes that the Defendant's right to privacy, which includes his right to avoid the disclosure of his personal, psychiatric information, constitutes a 'higher value' and that closure … is essential to protect that value.").

While disclosure of the video this close to jury selection would come at great cost to Mr. Ullah's rights, maintenance of its confidentiality has little or no impact on the public's access to these proceedings. The video is irrelevant to the public trial beginning on Monday. Indeed, the government will not seek its introduction. On the other hand, the trial, of course, will be a very public proceeding.  In other high profile cases, courts have limited access of the press to certain (far more critical) trial proceedings where a defendant's right to a fair trial was implicated.  *See, e.g.,* United States v. King, 140 F.3d 76 (2d Cir. 1998) (denying access to the press to *voir dire* proceedings to protect the integrity of the jury selection process).

## Conclusion

Accordingly, we do not intend to file the video publicly and we ask that, to the extent the New York Times is requested its disclosure, that that request be denied.

Respectfully submitted,

/s/ AMY GALLICCHIO
Amy Gallicchio
Julia Gatto
Assistant Federal Defender

cc:     AUSAs Shawn Crowley/George Turner/Rebekah Donaleski