UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x

UNITED STATES OF AMERICA         :        18 Cr. 0016 (RJS)

    - v -                              :

AKAYED ULLAH,                            :

          Defendant.        :

---------------------------------------------x


## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL PURSUANT TO RULE 29(c)


FEDERAL DEFENDERS OF NEW YORK, INC.
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8700
*Attorney for Defendant*
**AKAYED ULLAH**

**COLLEEN P. CASSIDY,**
   Of Counsel

TO:  **GEOFFREY BERMAN, ESQ.**
   United States Attorney
   Southern District of New York
   One St. Andrew's Plaza
   New York, New York 10007

   Attn:  **SHAWN G. CROWLEY, ESQ.,**
        **REBEKAH DONALESKI, ESQ.**
        **GEORGE TURNER, ESQ.,**
        Assistant United States Attorneys

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   <u>The Categorical Approach Determines Whether a Predicate Offense Qualifies Under the Force Clause.</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.  <u>None of the Predicate Offenses Qualify Under the Force Clause</u> . . . . . . . . 4

    A.   The jury acquitted Mr. Ullah of the § 924(c) count in relation to Count I, Providing Material Support to a Terrorist Organization, which is not a "crime of violence." . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   Counts II and IV, Use of a Weapon of Mass Destruction (18 U.S.C. § 2332a) and Destruction of Property by Use of Explosive (18 U.S.C. § 844(i)) do not qualify under the force clause because they do not require the use of force against "the person or property of another." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.   The sections of 18 U.S.C. § 1992 of which Mr. Ullah was convicted in Count V, (a)(2) and (a)(7), in violation of do not categorically require the use of physical force because it section (a)(2)requires only a reckless state of mind and section (a)(7) prohibits the intentional commission of "any act," which can be an act of omission. . . . . . . . . . . . . . . . . . . . . . . 8

    D.   The offense charged in Count III, placing an explosive in a place of public use or public transportation system in violation of 18 U.S.C. § 2332f(a)(1), does not qualify under the force clause because it does not require the use of force against "the person or property of another." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    E.   Attempt to commit any of the offenses of conviction is not a crime of violence under the force clause. . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## CASES

*Bailey v. United States,* 516 U.S. 137 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Barrett v. United States,* 139 S.Ct. 2774 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Chambers v. United States,* 555 U.S. 122 (2009) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chrzanoski v. Ashcroft,* 327 D.3d 188, 197 (2d Cir. 2003) . . . . . . . . . . 10, 11, 12

*Descamps v. United States,* 570 U.S. 254 (2013) . . . . . . . . . . . . . . . . . . . . . . 4, 7

*Gomez v. United States,* No. 16-56503, Dkt. Entry 13 (9th Cir. July 18, 2019) . . 6

*Holder v. Humanitarian law Project,* 561 U.S. 1, 130 S.Ct. 2705 (2010) . . . . . . . 5

*Hylor v. United States,* 896 F.3d 1219 (11th Cir. 2018) . . . . . . . . . . . . . . . . . . . 15

*Hylton v. Sessions,* 897 F.3d 57 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . . . 3, 4, 7, 11

*Jobson v. Ashcroft,* 326, F.3d 367 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Leocal v. Ashcroft,* 543 U.S. 1 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Russell v. United States,* 471 U.S. 858 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Acosta,* 470 F.3d 132 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Aldrich,* 566 F.3d 976 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . 7

*United States v. Alfonso,* 2019 WL 1916100 (D. Conn. April 30, 2019) . . . . . . . 15

*United States v. Anderson,* 787 F.3d 51 (2d Cir. 2014) . . . . . . . . . . . . . . . . . . . 14

*United States v. Begay,* 2019 WL 3884261 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Davis,* 139 S. Ct. 2319 (2019) . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Dean*, 591 Fed. Appx. 11, 15 (2d Cir. 2014) . . . . . . . . . . . . . . 6

*Unites States v. Barrett*, 903 F.3d 166 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . 1, 2

*United States v. Barrett,* _ F.3d _ 2019 WL 4121728 (2d Cir. Aug. 30, 2019) . 1,2

*United States v. Farhane,* 634 F.3d 127 (2d Cir. 2011) . . . . . . . . . . . . . . . . . 5, 14

*United States v. Gonzalez,* 520 U.S. 1 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Hill,* 890 F.3d 51 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Jackson,* 560 F.2d 112 (2d Cir. 1977) . . . . . . . . . . . . . . . . 14, 15

*United States v. Mayo,* 901 F.3d 218 (3d Cir. 2018) . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Moreno,* 821 F.3d 223 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . 8

*United States v. Pawlowski,* 682 F.3d 205 (3rd Cir. 2012) . . . . . . . . . . . . . . . . . 7

*United States v. Paul Rosenfeld*, Dkt No. 7:19 Cr. 69 (S.D.N.Y.) . . . . . . . . . . . 12

*United States v. Salas,* 889 F.3d 681 (10th Cir. 2018) . . . . . . . . . . . . . . . . . . . . 6

*United States v. St. Hubert,* 918 F.3d 1174 (11th Cir. 2019) . . . . . . . . . . . . . . . 15

*United States v. Stallworth,* 543 F.2d 1038 . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Taylor,* 848 F.3d 476 (1st Cir. 2017) . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Teague,* 469 F.3d 205 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . 11

*United States v. Weisinger,* 586 Fed. Appx. 733, 739 (2d Cir. 2014) . . . . . . . . . 7

*United States v. Yousef,* 327 F.3d 56 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 14

## STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 16 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

18 U.S.C.  § 844(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 16

18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 924 (e)(2)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 1992 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

18 U.S.C. § 1992(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16

18 U.S.C. § 2332a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

18 U.S.C. § 2332a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16

18 U.S.C. § 2332f(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12

18 U.S.C. § 2339A(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 2339B(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 2332f(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

18 U.S.C. § 2332f(e)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conn. Gen. Stat. § 53a-61(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Model Penal Code § 5.01(2)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Leonard B. Sand et al., Modern Federal Jury Instructions (Criminal)* 10.1
at 10-3 (2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

https://www.nytimes.com/2019/05/29/us/politics/immolation-white-house.
html . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------x

UNITED STATES OF AMERICA      :        18 Cr. 0016 (RJS)

         - v -        :

AKAYED ULLAH,        :

           Defendant.        :

-----------------------------------------------x


    This memorandum is submitted to supplement Mr. Ullah's motion for a judgment of acquittal, in light of the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019). *Davis* struck down the residual clause of 18 U.S.C. § 924(c) as unconstitutionally vague. Before *Davis*, the Second Circuit in *United States v. Barrett,* 903 F.3d 166 (2d Cir. 2018) ("*Barrett I*") had upheld the constitutionality of the residual clause and held that the jury should decide whether the predicate offense was a crime of violence under that clause. *Davis* overruled *Barrett I* and shortly thereafter the Supreme Court vacated and remanded *Barrett* in light of *Davis*. *Barrett v. United States*, 139 S.Ct. 2774 (2019) The Second Circuit just issued a new opinion in *United States v. Barrett,* __ F.3d __ 2019 WL 4121728 (2d Cir. August 30, 2019) ("*Barrett II*"), holding

1

that the residual clause of § 924(c) is unconstitutional under *Davis* and therefore Hobbs Act robbery conspiracy is not a crime of violence under that statute. After *Davis* and *Barrett II*, the only basis for a conviction on Count VI, using or carrying a destructive device during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), would be a finding that at least one of the Counts of conviction qualified as a crime of violence under the force clause (also called the "elements clause") of § 924(c).

Relying on *Barrett I*, this Court submitted to the jury the question whether each offense of conviction, as committed, constituted a crime of violence under the residual clause, as one of the elements of the § 924(c) count charged in Count VI. Tr. 947-49.[1] The jury answered special interrogatories specifying whether the destructive device was used in furtherance of each count. The jury found Mr. Ullah guilty of Count VI, the § 924(c) count, specifically finding that the he used or carried the device in furtherance of Counts II, III, IV, and V. Tr. 997. The jury found that Count I was not a crime of violence. *Id*. All the jury's findings that Counts II, III, IV and V are crimes of violence are invalid under *Davis* and must be set aside.

This Court made alternative findings that Counts III and V qualified as

---

[1]      "Tr." refers to the trial transcript.

crimes of violence under the "force" clause. Tr. 947.  The Court made no such findings with respect to Counts I, II, and IV. For the reasons that follow, *Davis* requires that Count VI be vacated based on the lack of a qualifying predicate.

## I.   The Categorical Approach Determines Whether a Predicate Offense Qualifies Under the Force Clause.

After *Davis*, an offense qualifies as a crime of violence only if it satisfies § 924 (c)(3)(A)'s force clause; that is, only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In determining whether an offense satisfies the force clause, this Court applies the categorical approach. *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018). "That means we consider the elements of the crime of conviction, not the facts of how it was committed." *United States v. Taylor*, 848 F.3d 476, 491(1st Cir. 2017). Courts look "only to the statutory definitions -- i.e., the elements -- of the offense, and not to the particular underlying facts." *Hill*, 890 F.3d at 55. "Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute." *Hylton v. Sessions*, 897 F.3d 57, 60 (2d Cir. 2018), quoting *Hill* and *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). If the statute sweeps more broadly than the force clause, a conviction under that statute cannot count as a predicate, regardless of the defendant's actual conduct. *Descamps v. United States*, 570 U.S. 254, 261 (2013).

A  statute that "on its face extends to conduct beyond" the definition in the force clause cannot be a crime of violence. *Hylton*, 897 F.3d at 63  Where a statute has indeterminate reach the court should look to case law to determine whether there is a "realistic probability" that the statute would apply to such conduct. *Id*. But where the statute's language makes its breadth unambiguous, there is no burden to show how it has been applied in a specific case. *Id*. at 65. Such a requirement would be "fundamentally inconsistent with formal categorical analysis." *Id*. at 65.

## II.   None of the Predicate Offenses Qualify Under the Force Clause

### A.   The jury acquitted Mr. Ullah of the § 924(c) count in relation to Count I, Providing Material Support to a Terrorist Organization, which is not a "crime of violence."

The jury found that this predicate was not a crime of violence even under the residual clause. Nor did the Court make a finding that this offense was a crime of violence under the force clause. And, as the government concedes, the offense of providing material support to a terrorist organization clearly does not require the use of force and therefore does not qualify under the force clause of § 924(c).

A conviction for providing material support to a terrorist organization can be based on providing, among other things, "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities,

financial services, lodging, training, expert advice or assistance, safehouses, false

documentation or identification information" to any organization designated by

the Secretary of State as a foreign terrorist organization. 18 U.S.C. § 2339A(b)(1),

2339B(a)(1). Provision of material support has been held to include medical care,

*United States v. Farhane,* 634 F.3d 127 (2d Cir. 2011), training about how to

resolve disputes peacefully and to petition for relief, and political advocacy as

long as it is "performed in coordination with, or at the direction of, a foreign

terrorist organization." *Holder v. Humanitarian law Project*, 561 U.S.1, 130 S. Ct.

2705, 2707 (2010). Clearly, commission of this offense does not require the use of

force.

**B.** **Counts II and IV, Use of a Weapon of Mass Destruction (18 U.S.C. § 2332a) and Destruction of Property by Use of Explosive (18 U.S.C.  § 844(i)) do not qualify under the force clause because they do not require the use of force against "the person or property of another."**

As the government concedes, the offense charged in Count IV, federal arson

in violation 18 U.S.C. § 844(i), is not a crime of violence under the force clause.

This is because federal arson includes the malicious destruction, by means of fire

and explosive, of "*any* building, vehicle, or other real and personal *property* used

in interstate and foreign commerce" and can be committed against the defendant's

own property. (Emphasis added). *Id*. Therefore it does not require the use of

5

physical force "against the person or property *of another*." *Russell v. United States*, 471 U.S. 858, 859-62 (1985). *See also United States v. Salas*, 889 F.3d 681, 683-84 (10th Cir. 2018) (recognizing government concession that 'arson does not require, as an element, the use of force against the property 'of another'''); *Gomez v. United States*, No. 16-56503, Dkt. Entry 13 (9th Cir. July 18, 2019) (government stipulation that federal arson is not a crime of violence after *Davis*).

The offense charged in Count II, use of a weapon of mass destruction in violation of 18 U.S.C. § 2332a, is likewise committed by using such a device "against *any* person or *property within the United States*." Like the arson statute, this offense by its terms can be committed against the property of the defendant himself and therefore need not be committed "against the person or property of another," as required under the force clause of section 924(c). Despite use of the same language in both statutes -- "any property" and "any person or property" -- the government has not conceded that this offense does not qualify under the force clause. But clearly this offense is not limited to use of a weapon against "the person or property *of another*."  The Second Circuit and other Circuits have held that the plain language of the term "any person" includes the defendant himself, in the statute defining sexual contact as the intentional touching of parts of "any person." *United States v. Dean*, 591 Fed. Appx. 11, 15 (2d Cir. 2014);

6

*United States v. Weisinger,* 586 Fed. Appx. 733, 739 (2d Cir. 2014) ("When the language is plain the language controls"); *United States v. Pawlowski*, 682 F.3d 205, 212 (3rd Cir. 2012) (" 'any' means 'every'" so "the language of the statute is unambiguous: it is clear that 'of any person' includes a defendant himself"); *United States v. Aldrich*, 566 F.3d 976, 977 (11th Cir. 2009) (plain meaning of "any person" includes the defendant).  A person would be guilty of this crime, like the arson offense, by using or attempting to use a bomb to blow up his own house or car, or anything he owned, as long as it was located in the United States. *See also United States v. Gonzalez*, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning").

There is no logical basis for distinguishing between arson and this statute in terms of its failure to meet the definition of crime of violence under the force clause. That clause requires the use of force against "the person or property of another" and each of these statutes proscribe use of an explosive or bomb against "any person or property." Like the federal arson offense, this offense is broader on its face than the definition of "crime of violence" under the force clause and does not categorically qualify. See *Descamp*s, 570 U.S. at 261; *Hylton*, 897 F.3d at 63. Therefore, neither Count II nor Count IV qualifies under the force clause.

**C.    The sections of 18 U.S.C. § 1992 of which Mr. Ullah was convicted in Count V, (a)(2) and  (a)(7), do not categorically require the use of physical force because section (a)(2)requires only a reckless state of mind and section (a)(7) prohibits the intentional commission of "any act," which can be an act of  omission.**

The offense that Mr. Ullah was convicted of in Count V -- entitled "Terrorist Attacks and Other Violence Against a Mass Transportation System" -- is not  a crime of violence under the force clause of section 924(c). Of the two alternative subsections of the offense of which Mr. Ullah was convicted, subsection (a)(2) requires only a reckless state of mind and subsection (a)(7) requires only the commission of any "act" with intent to cause death or serious bodily injury. Neither of these categorically require the use of force.

18 U.S.C. § 1992(a)(2) prohibits the placement of any destructive device in, upon or near a mass transportation vehicle "with intent to endanger the safety *of any person, or with reckless disregard for the safety of human life.*" (Emphasis added). An offense with a *mens rea* of recklessness does not qualify under the force clause because the use of violent force must be  intentional. *See United States v. Moreno,* 821 F.3d 223, 228 (2d Cir. 2016) ("reckless conduct does not constitute a crime of violence" under the identical force clause of § 16 (a))*; Jobson v. Ashcroft,* 326, F.3d 367, 373-74 (2d Cir. 2003) (the use of physical force must be intentional; therefore, reckless manslaughter does not even pose a

8

substantial risk that such force will be used, and does not qualify under the residual clause of § 16(b)). *See also United States v. Begay*, 2019 WL 3884261, at * 4-6 (9th Cir. 2019) (after *Davis*, federal second degree murder no longer qualifies as a crime of violence because it can be reckless and the force (or "elements") clause requires the intentional use of force). Thus, because the offense in violation of subsection (2) can be committed with a reckless state of mind, it does not qualify as a crime of violence under the force clause. In addition, like Counts II and IV, it can be committed with the intent to endanger the safety of "any person," which includes the defendant himself.

Subsection (a)(7) of § 1992 requires only the commission of any "act" with the intent to cause death or serious bodily injury to anyone in a terminal, structure, track, or facility, etc. Any "act" is so broad that it includes acts that involve no use of force and that are acts of omission.  For example, a passenger on a platform could ignore or walk away from a distraught companion who says he will jump on the tracks, or a disgruntled MTA employee could intentionally fail to remove ice, leave a slippery condition on the steps and say "I hope they fall down the stairs." The statute does not even require a result, only any act plus the intent.

The force clause requires the "use, attempted use, or threatened use of

physical force."  "[U]se denotes active employment," *Bailey v. United States*, 516

U.S. 137, 150 (1995), and, in the context of a provision defining "crime of

violence," "suggests a category of violent, active crimes." *Leocal v. Ashcroft*, 543

U.S. 1, 9, 11 (2004).  Crimes that can be committed by inaction do not qualify.

*See, e.g., Chambers v. United States*, 555 U.S. 122, 127–28 (2009)(failure to

report to penal institution, which "[c]onceptually speaking, amounts to a form of

inaction," "does not have 'as an element the use, attempted use, or threatened use

of physical force against the person of another'") (quoting 18 U.S.C. § 924

(e)(2)(B)(i)).

Nor can an act of omission constitute the use of force. In *Chrzanoski v.*

*Ashcroft*, 327 D.3d 188, 197 (2d Cir. 2003), the Second Circuit held that a

Connecticut assault offense criminalizing intentionally causing physical injury did

not fall within 18 U.S.C. § 16(a)'s identically worded force clause. *See* Conn. Gen.

Stat. § 53a–61(a)(1) ("A person is guilty of assault in the third degree when ...

with intent to cause physical injury to another person, he causes such injury to

such person or a third person."). *Chrzanoski* reasoned: "the intentional causation

of injury does not necessarily involve the use of force," explaining that "under

Connecticut law, ... an individual could be convicted ... for injury caused not by

physical force, but by ... deliberate omission." *Id.* at 195. Nor was that improbable:

10

"human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient." *Id.* at 196. *See also, e.g., United States v. Mayo*, 901 F.3d 218, 230 (3d Cir. 2018) (Pennsylvania aggravated assault statute that "criminalizes certain acts of omission" does not satisfy force clause); *United States v. Teague*, 469 F.3d 205, 208 (1st Cir. 2006) (Texas child endangerment statute that "captures ... negligent omissions" does not satisfy force clause).

Likewise, an employee with a duty to keep the station safe could maliciously fail to do so -- could commit the "act" of going home without clearing the ice, for example -- with the intent that people be seriously injured.  Or an employee could omit to turn on a switch or signal with the intent to cause a crash. This would be an act of omission but not the use of force, and would not qualify as a crime of violence under the force clause. Because the statute's proscription of any "act" on its face applies to acts that do not necessarily use, threaten, or attempt to use force, it categorically fails to satisfy the force clause. *Hylton*, 897 F.3d at 63.

11

**D.    The offense charged in Count III, placing an explosive in a place of public use or public transportation system in violation of 18 U.S.C. § 2332f(a)(1), does not qualify under the force clause because it does not require the use of force against "the person or property of another."**

The offense charged in Count III prohibits delivering, placing, discharging, or detonating an explosive or other lethal device in a place of public use or public transportation system or attempting to do so, "with intent to cause death or serious bodily injury or to cause extensive destruction of such a place." 18 U.S.C. § 2332f(a). The minimum conduct necessary to commit this offense is the placement of an explosive device "in a place of public use" with the intent to cause death or serious bodily injury. *Id.*

A place of public use includes "those parts of any building, land, street, waterway, or other location that are accessible or open to members of the public, whether continuously, periodically, or occasionally." 18 U.S.C. § 2332f(e)(6). The statute does not require intent to cause death or serious bodily injury "to another" but includes the perpetrator himself. Thus, this statute categorically applies to one who would use such a device to blow himself up or burn himself to death in the middle of the Washington mall or other open public space. Again, such an act is not improbable but is within "human experience." *Chrzanoski* 327 F.3d at 195. *See u.c., e.g.*, *United States v. Paul Rosenfeld*, Dkt No. 7:19 Cr. 69

12

(S.D.N.Y.), entries # 1, 18, 27 at ¶¶ 32-37 (defendant manufactured a bomb with the intent to blow it and himself up on the National Mall in protest of election laws);[2] https://www.nytimes.com/2019/05/29/us/politics/immolation-white-house. html (report of a man who set himself on fire at ellipse in front of White House).

> ### E.   Attempt to commit any of the offenses of conviction is not a crime of violence under the force clause.

Each of the offenses charged in Counts I through V were charged as attempts in the alternative. Tr. 924-25, 928-29, 931-32. Therefore, the jury's verdict on each offense could have been based on only an attempt to commit the offense, which does not meet the requirements of the force clause. The jury was instructed that it could convict Mr. Ullah of this count based on an attempt and there was no special interrogatory as to whether he was convicted of the substantive offense or the attempt. An attempt to commit each offense does not require "the use, attempted use, or threatened use" of physical force against the person or property of another, as required for a crime of violence under § 924(c).

There are only two elements of a federal attempt offense: "[T]he defendant '(a) had the intent to commit the object crime and (b) engaged in conduct

---

[2]      This case was handled by the Federal Defenders office and a plea was negotiated to lesser charges in the information to avoid an indictment on more serious charges of attempted arson and attempted use of a weapon of mass destruction.

amounting to a substantial step towards its commission.'" *United States v. Anderson,* 787 F.3d 51, 73 (2d Cir. 2014), *quoting  Farhane,* 634 F.3d at 145. Thus, "[a] defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed, so that 'dangerous persons [may be apprehended] at an earlier stage . . . without immunizing them from attempt liability.'" *United States v. Yousef,* 327 F.3d 56, 134 (2d Cir. 2003), *quoting United States v. Jackson,* 560 F.2d 112, 120 (2d Cir. 1977). For example, "reconnoitering the place contemplated for the commission of the crime" shall "not be held insufficient as a matter of law" to constitute a substantial step. Model Penal Code § 5.01(2)(c).

The Second Circuit, like every other federal appellate court, has adopted the Model Penal Code's definition and standards for federal attempt. *Jackson*, 560 F.2d at 117-18. *See generally Leonard B. Sand et al., Modern Federal Jury Instructions (Criminal)* ¶ 10.1 at 10-3 (2018). In defining what constitutes a "substantial step," the *MPC* lists several examples of conduct or circumstances it deems legally sufficient, including such reconnaissance and possessing materials needed for the crime  (so long as they are "strongly corroborative of the actor's criminal purpose," the first element of attempt). *See* Model Penal Code § 5.01(2) (c), (e) & (g). Accordingly, where would-be robbers "reconnoitered the place

14

contemplated for the commission of the crime and possessed the paraphernalia to be employed in the commission of the crime," the Second Circuit held "either type of conduct, standing alone, was sufficient as a matter of law to constitute 'a substantial step.'" *Jackson,* 560 F.2d at 118-20; *see also United States v. Stallworth,* 543 F.2d 1038, 1040-41 n. 5 (2d Cir. 1976).

One can therefore attempt to commit a crime that, if completed, would be a crime of violence, without using, threatening to use, or attempting to use physical force. For example, a court in this Circuit has held that "the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence." *United States v. Alfonso*, 2019 WL 1916100 at 83 (D. Conn. April 30, 2019) (Arterton, J.). At least three judges of the Eleventh Circuit agree. *See, e.g.*, *United States v. St. Hubert*, 918 F.3d 1174, 1210-13 (11th Cir. 2019) (Jill Pryor, J., joined by Wilson and Martin, JJ., dissenting from denial of rehearing en banc) (attempted Hobbs Act robbery is not a § 924(c) "crime of violence" because it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another"); *see also Hylor v. United States*, 896 F.3d 1219, 1225-26 (11th Cir. 2018) (Jill Pryor, J., concurring) (attempted Hobbs Act robbery does not qualify under elements clause because one can commit this offense by "renting a getaway van, parking the van a block from

15

the bank, and approaching the bank door before being thwarted -- without having

used, attempted to use, or threatened to use force.").

   A defendant who intends to use an explosive device against any person or

property (including his own) and downloads bomb-making instructions, acquires

some materials, and reconnoiters his target location is guilty of  attempted use a

weapon of mass destruction (18 U.S.C. § 2332a) and attempted federal arson (18

U.S.C. § 844(i)) , the offenses charged in Counts II and IV. Likewise, a person

who takes the same steps and intends to place a bomb in a place of public use or a

subway system with intent to cause death or serious bodily injury or to cause

extensive destruction of such a place is guilty of attempting to bomb a place of

public use in violation 18 U.S.C. § 2332f(a), the offense charged in Count III. And

a person who takes those steps with the intent to place the explosive device in,

upon or near a mass transportation vehicle with intent to endanger the safety of

any person, or with reckless disregard for the safety of human life is guilty of

attempting to violate 18 U.S.C. § 1992(a)(2). This is despite the fact that none of

these acts -- downloading instructions, gathering some supplies, or reconnoitering

the target place -- nor the intent to do something at some future point, involves

"the use, attempted use, or threatened use" of physical force. Because Mr. Ullah's

convictions could all have been based only on attempt to commit the offenses, and

16

the attempts do not require as an element the "use, attempted use, or threatened use" of physical force,  none of these offenses can  qualify as a crime of violence predicate for the § 924(c) count.


## CONCLUSION

For the foregoing reason, a judgment of acquittal should be granted on Count VI.


                                                        _/s/_____

**COLLEEN P. CASSIDY**
Assistant Federal Defender

                                                        _/s/_____

**AMY GALLICCHIO**
Assistant Federal Defender

                                                        _/s/_____

**JULIA L. GATTO**
Assistant Federal Defender

17

## CERTIFICATE OF SERVICE

I certify that a copy of this Supplemental Memorandum has been served by CM/ECF on the United States Attorney/S.D.N.Y; Attention: **GEOFFREY BERMAN, ESQ.**, Assistant United States Attorney; One St. Andrew's Plaza, New York, New York 10007.

Dated:  New York, New York
         September 13, 2019

          /s/
**COLLEEN P. CASSIDY**

18

## CERTIFICATE OF SERVICE

I certify that a copy of this Supplemental Memorandum has been served by CM/ECF on the United States Attorney/S.D.N.Y; Attention: **GEOFFREY BERMAN, ESQ.**, Assistant United States Attorney; One St. Andrew's Plaza, New York, New York 10007.

Dated:  New York, New York
       September 13, 2019

                           ___/s/_____
                           **COLLEEN P. CASSIDY**